J-S29027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEIYAUVE ROBERT MONTREL GATES | : | |
| | : | |
| Appellant | : | No. 148 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 7, 2018
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0001534-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEIYAUVE ROBERT MONTREL GATES | : | |
| | : | |
| Appellant | : | No. 158 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 7, 2018
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0001632-2018

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED: OCTOBER 17, 2022**

Keiyauve Robert Montrel Gates (Appellant) appeals *nunc pro tunc* from

the judgments of sentence entered following his guilty plea to criminal attempt

(homicide) and firearms not to be carried without a license (docket number

1632 of 2018), and theft by unlawful taking and criminal trespass (docket

_____

* Retired Senior Judge assigned to the Superior Court.

number 1534 of 2018).[1,2] Additionally, Appellant's counsel (Counsel) has filed an application to withdraw from representation and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Upon review, we grant Counsel's application to withdraw and affirm Appellant's judgments of sentence.

The trial court summarized the procedural history as follows:

> [Appellant's] convictions stem from two separate incidents. In the first, [Appellant] stole a number of valuable items from a residence, including a television, video games and several articles of clothing. In the second, [Appellant] shot his victim in the abdomen. On September 14, 2018, [Appellant] pled guilty to [the above charges]. On November 8, 2018, [the trial court] sentenced [Appellant] to an aggregate sentence of 13 to 27 years of incarceration. The following day, [Appellant] sent a handwritten request for sentence modification to the Clerk of Courts, which was docketed and forwarded to his attorney. On November 19, 2018, his attorney filed a formal motion for sentence modification. That same day, [the trial court] denied the post-sentence motion.
>
> [Appellant] did not timely seek a direct appeal of his convictions, but in 2019[,] he initiated an action under the Post-Conviction Relief Act (PCRA)[, *see* 42 Pa.C.S.A. §§ 9541-9546,] to reinstate his direct [appeal] rights *nunc pro tunc*, which ultimately proved successful. [The PCRA court] reinstated his direct [appeal] rights on December 3, 2021, and [Appellant] eventually filed a direct appeal on February 3, 2022. On February 2, 2022, the court ordered [Appellant] to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After an

---

[1] *See* 18 Pa.C.S.A. §§ 901(a), 6106(a)(1), 3921(a), 3503(a)(1)(ii).

[2] Appellant filed separate notices of appeal at each docket pursuant to *Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018) (when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed").

extension of time to file the 1925(b) statement was granted, [Appellant] timely complied with that directive on March 24, 2022.

Trial Court Opinion, 4/1/22, at 1-2 (footnotes omitted, citation added). Counsel subsequently filed in this Court an application to withdraw and *Anders* brief.

We first address Counsel's application to withdraw from representation. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Before being permitted to withdraw pursuant to *Anders*, counsel must satisfy certain procedural and substantive requirements. *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the [*Anders*] brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 359 (citation omitted). Substantively, counsel must file an *Anders* brief in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

- 3 -

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel has complied with **Anders**' procedural and substantive requirements. Counsel states in her application that she found Appellant's issues to be frivolous after conducting a thorough review of the record. Petition to Withdraw as Counsel, 6/23/22, at ¶ 3. Counsel also attached to her application a copy of the letter she sent to Appellant, in which Counsel advised Appellant he could retain private counsel or proceed *pro se*.[3] **Id.** (attachment); **see also Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005). Counsel also provided Appellant with a copy of the **Anders** brief, which summarizes the facts and procedural history, includes an issue that could arguably support Appellant's appeal, and explains Counsel's assessment of why the issue is frivolous. Accordingly, we review the issue presented in Counsel's **Anders** brief. We also conduct an independent review of the record to determine whether Appellant's appeal is wholly frivolous. **See Santiago**, 978 A.2d at 358; **see also Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) ("part and parcel of **Anders** is our Court's duty to review the record to [e]nsure no issues of arguable merit have been missed or misstated.").

Counsel's **Anders** brief presents the following issue:

_____

[3] Appellant did not file a response.

Whether [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

***Anders*** Brief at 3.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Fuentes***, 272 A.3d 511, 519 (Pa. Super. 2022). An appellant has sufficiently complied with the four-part test when:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). To present a substantial question, an appellant must set "forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation omitted).

Appellant timely filed a notice of appeal, preserved his sentencing claim in a post-sentence motion, and Counsel included in her ***Anders*** brief the requisite Pa.R.A.P. 2119(f) statement. ***See Anders*** Brief at 4-6. We therefore examine whether Appellant has raised a substantial question.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012).

In his statement of questions presented, Appellant claims his sentence is manifestly excessive and contrary to the Sentencing Code. **Anders** Brief at 3. In his Rule 2119(f) statement, Appellant recognizes the trial court imposed a standard-range sentence for criminal attempt – homicide (120-240 months) and a consecutive, mitigated-range sentence for firearms not to be carried without a license (36-84 months). **Anders** Brief at 5. Appellant also acknowledges the trial court's concurrent, standard-range sentences for his convictions of theft by unlawful taking (12-18 months) and criminal trespass (16-84 months). Appellant recites the provisions of 42 Pa.C.S.A. § 9781, but does not explain how his sentence violated the Sentencing Code or the fundamental norms underlying the sentencing process. **Dodge, supra**. Under these circumstances, Appellant does not present a substantial question. **See Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa. Super. 2012) (stating a defendant presents a substantial question when he "sets forth a plausible

argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process.").

Despite the deficiency in Appellant's Rule 2119(f) statement, we review his sentencing issue. *See Santiago*, *supra* at 354 n.5 ("when counsel meets his or her obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" (citation omitted)). We recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines." *Commonwealth v. Fullin*, 892 A.2d 843, 847-48 (Pa. Super. 2006).

> A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the

sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted).

Our review discloses that the sentencing court had the benefit of a presentence investigation report (PSI).  ***See*** N.T., 11/7/18, at 30 (trial court indicating it considered the PSI).  When a PSI exists, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."[4]  ***Commonwealth v. Conte***, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted); ***see also Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (sentencing courts "are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure"; where a PSI exists, "the sentencing court's discretion should not be disturbed" (citation omitted)).

The trial court did not abuse its discretion by sentencing Appellant to standard/mitigated range sentences.  ***See Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate

---

[4] In addition, the trial court considered Appellant's IQ of 86, his eighth-grade education, and testimony from Appellant's grandmother regarding his difficult childhood.  N.T., 11/7/18, at 9, at 14-15.

under the Sentencing Code").  Also, we discern no abuse of discretion in the trial court's imposition of consecutive sentences for Appellant's convictions of attempted homicide and possessing a firearm without a license.  ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) ("Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.").  Appellant's challenge to the discretionary aspects of his sentences warrants no relief and is frivolous.

Finally, our independent review discloses no other, nonfrivolous issues. We therefore grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application to withdraw granted.  Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2022